**NATIONAL LABOR RELATIONS BOARD
v. FEDERAL BEARINGS CO., Inc.,
et al.**

Circuit Court of Appeals, Second Circuit.

Feb. 23, 1940.

Robert B. Watts, Associate Gen. Counsel, Malcolm F. Halliday, Asst. Gen. Counsel, and J. Loren Freund, all of Washington, D. C., for petitioner.

John E. Mack, of Poughkeepsie, N. Y., for respondents.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

In April, 1938, this court entered a consent enforcement order in the above-entitled cause. So far as now material the order directed the respondents to "reinstate to their former position as of April 8, 1938 * * * George W. Thiel * * * Thomas Smith, John T. Owens * * * without prejudice to their seniority and other rights and privileges, dismissing, if necessary, any employees at present holding such positions." The present motion is before us on supporting and opposing affidavits. It is conceded that the three men above named have not been reinstated.

With respect to Thiel and Smith the respondents seek to excuse their failure to offer reinstatement by showing that in October, 1937, these men were convicted of petty larceny, for stealing a ladder from a gas station, and that the respondents desire to have in their employ only persons worthy of trust. If the respondents knew of the conviction of these men before entry of the consent decree of this court, it is obvious that such prior conviction would furnish no justification for refusal to obey the decree. The opposing affidavits assert that knowledge of the conviction first came to the respondents and their counsel several months after the date of the decree. In our opinion the conviction of an employee of the crime of petty larceny, although the property stolen was not that of the employer, would justify discharging the employee. It is also justification for refusing to reinstate an employee wrongfully discharged under the Wagner Act, 29 U.S. C.A. § 151 et seq. See National Labor Relations Board v. Fansteel Corp., 306 U.S. 240, 255, 59 S.Ct. 490, 83 L.Ed. 627, 123 A.L.R. 599. The respondents' consent to the order of reinstatement having been given in ignorance of the existence of a valid ground for refusing reinstatement we think they should be relieved from the duty imposed by the decree. Consequently, we hold that their failure to

obey the decree with respect to Thiel and Smith was not a contempt of court.

With respect to Owens, formerly one of two "truckers" in the Inspection Department, the respondents show that depressed business conditions necessitated reducing the number of their employees and abolishing certain positions; that only one trucker has been employed in the Inspection Department since the entry of our decree and this position is held by an employee whose seniority rights are superior to Owens; that in October, 1939, Owens was offered a job "pulling chips" in another department at wages at least equal to those paid truckers, but Owens declined the employment on the ground that it was not "a substitute" for the job in which he was ordered to be reinstated. We think that the photographs and descriptions of the two jobs show that the offered job was comparable to the position formerly held by Owens, was in no fair sense an inferior job, and that the company's duty as to him was terminated by his rejection of the offer.

The motion to adjudge the respondents in contempt of court is denied.